UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REGINALD LAWRENCE,

                                Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                       14-CV-6444L

                                  v.

JAMES T. EVANS, MD,
JADOW RAO, MD,
CARL J. KOENIGSMANN, CHIEF, MD,

                                        Defendants.
_____

       Plaintiff Reginald Lawrence, appearing *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that defendants, who at all relevant times were physicians employed by DOCCS, violated his rights under the Eighth Amendment to the United States Constitution.[1] The complaint alleges that two defendants, James T. Evans, M.D. and Jadow Rao, M.D., failed to provide plaintiff with adequate medical care, and the third defendant, Carl J. Koenigsmann, M.D., failed to properly supervise the other two defendants.

       Defendants have moved for summary judgment. For the reasons that follow, defendants' motion is granted, and the complaint is dismissed.

---

[1] There are references in the complaint to a fourth defendant, named only as "Dr. John Doe." Dr. "Doe" has never been identified, however, and on the caption of the complaint, his name has been blacked out, apparently by plaintiff. It appears, then, that plaintiff does not intend to pursue any claim against "Dr. John Doe."

**FACTUAL BACKGROUND**

The undisputed evidence, which including plaintiff's medical records, indicates that plaintiff was transferred from Great Meadow Correctional Facility to Attica Correctional Facility in July 2010. Defendants Evans and Rao were then employed as staff physicians at Attica.

At the time of his arrival at Attica, plaintiff had a history of back problems. He had previously been seen by other DOCCS physicians, and had been prescribed certain treatment and medications at various times. Plaintiff was not on any prescribed medications when he arrived at Attica, however. Dkt. #10-2, ¶ 18; Dkt. #17, ¶ 5.

At Attica, plaintiff was seen by both Dr. Evans and Dr. Rao, on multiple occasions. The gist of his allegations is that both doctors refused his requests for certain medications and treatment, despite his complaints of severe back pain. Plaintiff also wrote to defendant Dr. Koenigsmann, the Chief Medical Officer for DOCCS, complaining about his alleged lack of treatment, but Koenigsmann allegedly did nothing in response.

In October 2012, plaintiff was transferred from Attica to Southport Correctional Facility, and in February 2013, he was transferred again, this time to Clinton Correctional Facility. The medical staff at Clinton referred plaintiff to an outside specialist. The specialist ordered an MRI, which revealed that plaintiff was suffering from degenerative disc disease and other conditions. It is unclear what treatment plaintiff received thereafter, but he apparently considers it to have been "adequate." Complaint ¶ 30.

Plaintiff alleges that defendants' failure to order particular testing or to prescribe certain medication for his back pain caused plaintiff to suffer unnecessary pain. Plaintiff alleges that Drs. Evans and Rao did not take his complaints of pain seriously, and that they displayed deliberate indifference to his serious medical needs, in violation of his rights under the Eighth Amendment to the United States Constitution. Plaintiff also alleges that Dr. Koenigsmann failed to adequately supervise Drs. Evans and Rao. He seeks $350,000 in damages from each defendant.

**DISCUSSION**

**I. Official-Capacity Claims**

The complaint names the defendants in both their individual and official capacities. Since plaintiff does not seek injunctive relief, however, there is no basis for any claims against defendants in their official capacities. All such claims are barred under the Eleventh Amendment to the United States Constitution, and must be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *O'Diah v. Artus*, 887 F.Supp.2d 497, 502-03 (W.D.N.Y. 2012); *Taylor v. Fischer*, 841 F.Supp.2d 734, 736-37 (W.D.N.Y. 2012).

**II. Eighth Amendment Claims:  General Principles**

To demonstrate that a lack of medical treatment constituted "cruel and unusual punishment" prohibited by the Eighth Amendment, a prisoner plaintiff must show that the defendant's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference has two elements. The first element is objective, and measures the severity of the alleged deprivation, while the second element is subjective and requires the prison official to have acted with a "sufficiently culpable state of mind." *Id.* at 104.

An objectively "serious medical need" is one which presents "a condition of urgency" that may result in "death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) *cert. denied*, 513 U.S. 1154 (1995). Factors bearing on the severity of a condition include: whether a reasonable doctor would find the condition important and worthy of comment or treatment; whether the condition significantly affected plaintiff's daily activities; and whether plaintiff suffered chronic and substantial pain. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

To satisfy the subjective element, the plaintiff must show that the defendant acted with a sufficiently culpable state of mind. "Sufficiently culpable" means that the defendant must know of,

but disregard the plaintiff's serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence or even medical malpractice is not actionable. *Estelle*, 429 U.S. at 106. Instead, the plaintiff must allege conduct "repugnant to the conscience of mankind." *Id.* at 102.

Where the claims concern the alleged inadequacy of treatment, as opposed to the complete denial of treatment, the seriousness inquiry is narrower. *Sallahudin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). In such cases, the focus is on "the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract." *Smith*, 316 F.3d at 185. The Second Circuit has found that a delay in treatment can give rise to a constitutional violation, but only in particularly egregious circumstances. *See Archer v. Dutcher*, 733 F.2d 14, 16-17 (2d Cir. 1984) (denying summary judgment where officials deliberately delayed care as a form of punishment); *Hathaway v. Coughlin*, 841 F.2d 48, 50-51 (2d Cir. 1988) (denying summary judgment where officials delayed major hip surgery for two years).

**III. Application to this Case**

In deciding defendants' motion for summary judgment, the Court must construe the record, and draw all reasonable inferences from the underlying facts, in the light most favorable to plaintiff. *See Ellison v. Allstate Indem. Co.*, __ F.Supp.3d __, 2015 WL 2090259, at *2 (W.D.N.Y. 2015) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)); *Guard Ins. Group, Inc. v. Techtronic Industries Co., Ltd.*, __ F.Supp.3d __, 2015 WL 293622, at *7 (W.D.N.Y. 2015). Applying that standard here, I will assume for purposes of this decision that plaintiff has met the objective prong of an Eighth Amendment claim, *i.e.*, the existence of an objectively serious medical need. *See Dobbin v. Artuz*, 143 F. Supp. 2d 292, 302 (S.D.N.Y. 2001) (a "chronic back injury" which causes "severe and near constant pain" is sufficient to fulfill the objective element of a § 1983 claim).

Plaintiff's claim falters, however, on the second, subjective prong. Even construed in the light most favorable to plaintiff, the record fails to support a finding that defendants acted with the requisite state of mind to support an Eighth Amendment claim.

The evidence shows that during the relevant time period, plaintiff was seen and treated by defendants on multiple occasions. He was prescribed medical equipment, sent to an outside specialist for an x-ray, and given pain medication. Those treatments may not have been what plaintiff desired, but the law is well established that an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see, e.g.*, *Russell v. Rao*, No. 09-CV-6641, 2014 WL 3866460, at *1 (W.D.N.Y. Aug. 6, 2014).

In addition, the medical records flatly contradict plaintiff's assertions in the complaint that he received no treatment from July 2010 to May 2011. As detailed in the record, Drs. Evans and Rao saw plaintiff several times during that period, evaluated his condition, ordered diagnostic tests, and prescribed pain relievers. Dkt. #10-4, #10-5, and exhibits cited therein.

Plaintiff also did receive some of the treatment that he sought, albeit not as soon as he would have liked. On May 23, 2011, and August 4, 2011, Dr. Evans issued plaintiff a short-term prescription for Ultram, which is an addictive analgesic used to treat moderate to severe pain. On July 22, 2011, plaintiff was issued a permit for the use of a Transcutaneous Electrical Nerve Stimulation ("TENS") unit to alleviate his pain. That plaintiff would have liked some of that treatment sooner does not give rise to an Eighth Amendment claim. *See Greene v. Furman*, 610 F.Supp.2d 234, 237 (W.D.N.Y. 2009) (plaintiff failed to state an Eighth Amendment claim where there was "no allegation that any delay in plaintiff's mental health treatment ... caused any actual harm to plaintiff, or that it put his health at risk"); *Lee v. Frederick*, 519 F.Supp.2d 320, 328 (W.D.N.Y. 2007) (prisoner's claim fails where there has been no showing that any delay "reflects deliberate indifference to a serious risk [to plaintiff's] health or safety, to a life-threatening or

fast-degenerating condition or to some other condition of extreme pain that might [have been] alleviated through reasonably prompt treatment") (internal quotes omitted).

As stated, after two transfers to other facilities, in 2013 plaintiff was diagnosed with multilevel degenerative disc disease, and a neurosurgeon recommended an epidural steroid injection. It is not clear what treatment plaintiff received thereafter, but regardless, the fact that he was prescribed certain treatment by a different physician, in 2013, does not give rise to an issue of fact as to his Eighth Amendment claims against Drs. Evans and Rao, for the treatment he received from them from 2010 to 2012.

Plaintiff has not even shown enough to demonstrate malpractice, much less an Eighth Amendment violation. He has not demonstrated that his condition in 2013 was the same as when he was seen by defendants up to October 2012, and he has not shown that defendants acted unreasonably in treating him as they did. Beyond that, he has fallen far short of the proof necessary to show that defendants acted out of deliberate indifference to his serious medical needs, for the purpose of causing him harm.

**IV. Supervisory Liability**

Plaintiff's claim against Chief Medical Officer Dr. Koenigsmann is based on his allegation that he wrote letters to Dr. Koenigsmann, complaining about his alleged lack of adequate treatment from Drs. Evans and Rao, and that Dr. Koenigsmann, through one of his subordinates, told plaintiff, in effect, to take up his concerns with the medical staff at Attica. *See* Dkt. #1 at 17.

Plaintiff's claim against Dr. Koenigsmann must be dismissed, first, because as explained above, there is no underlying Eighth Amendment violation in the first place. *See Jackson v. Buckman*, 756 F.3d 1060, 1067 n. 3 (8th Cir. 2014) ("Absent an underlying constitutional violation, [plaintiff's] failure-to-supervise claims ... necessarily fail"); *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999) (stating that a claim for supervisory liability fails where there is no underlying constitutional violation).

Even if plaintiff could state a claim against Evans or Rao, however, his claim against Dr. Koenigsmann would be subject to dismissal, for lack of personal involvement on Koenigsmann's part. It is well established that a supervisor cannot be held liable under § 1983 under the doctrine of *respondeat superior*, *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 n.58 (1978); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); personal involvement of the supervisor is required. *Leonhard v. United States*, 633 F.2d 599, 621 n.30 (2d Cir. 1980). Plaintiff's letters to Dr. Koenigsmann, and his responses (via his subordinates) do not satisfy the personal-involvement requirement. *See DeMeo v. Koenigsmann*, No. 11 Civ. 7099, 2015 WL 1283660, at *16 (S.D.N.Y. Mar. 20, 2015) (mere fact that prisoner sent letters to Dr. Koenigsmann, which were referred to and responded to by subordinate, did not establish Koenigsmann's personal involvement). *See also Mateo v. Fischer*, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010) (plaintiff's allegations that supervisory official received his letters, forwarded them to subordinates, and sent plaintiff a response to the effect that plaintiff had failed to provide sufficient evidence to support his allegations, did not show official's personal involvement in alleged constitutional violations).

Finally, I note that in the complaint, plaintiff describes Dr. Koenigsmann as a "coconspirator" with Drs. Evans and Rao in the alleged constitutional deprivations. *See* Complaint ¶ 36. Plaintiff does not assert a civil rights conspiracy claim under 42 U.S.C. § 1985, however, and even if he did, his allegations fall woefully short of the standards necessary to make out such a claim. *See Doe v. Selsky*, 973 F.Supp.2d 300, 304 (W.D.N.Y. 2013), and cases cited therein.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #10) is granted, and the complaint is dismissed.

Plaintiff's motion for appointment of counsel (Dkt. #15) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 6, 2015.